IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RANDY C. WILLIAMS**                                                                    **PLAINTIFF**

v.                                                                CIVIL NO. 1:15cv394-HSO-JCG

**JACQUELINE BANKS, et al.**                                                      **DEFENDANTS**

### ORDER OVERRULING PLAINTIFF'S OBJECTION [35], ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [30], AND DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT THERESA SEABROOK

This matter comes before the Court on the Report and Recommendation [30] of United States Magistrate Judge John C. Gargiulo entered on December 9, 2016. The Magistrate Judge recommended that pro se Plaintiff Randy C. Williams' ("Plaintiff") claims asserted against Defendant Theresa Seabrook in his Complaint [1] be dismissed. R. & R. [30] at 1-2. On December 28, 2016, Plaintiff filed an Objection [35] to the Report and Recommendation. After due consideration of the Report and Recommendation, Plaintiff's Objection, the record, and relevant legal authority, the Court finds that Plaintiff's Objection [35] should be overruled, and that the Magistrate Judge's Report and Recommendation [30] should be adopted as the finding of this Court. Plaintiff's claims against Defendant Theresa Seabrook should be dismissed.

### I. BACKGROUND

On November 30, 2015, Plaintiff, proceeding *in forma pauperis,* filed a Complaint [1], against Defendant Theresa Seabrook ("Seabrook") and others pursuant to 42 U.S.C. § 1983. On December 30, 2015, the Magistrate Judge entered

an Order [10] granting Plaintiff's Motion [9] to Amend his Complaint [1] "to the extent that the Court will consider the allegations contained within the pleading and the Motion is deemed to be compliance (sic) with the Court's Order [8] directing Plaintiff to provide more information." Order [10] at 1. The Order [10] directed the Clerk to issue a Notice of Lawsuit and Request to Waive Service of Summons to be sent to Janis G. Stancil at Mississippi Department of Corrections ("MDOC"). Order [10] at 1. The Order further directed Defendants to file a "signed Waiver form or Response within 30 days," and directed MDOC to notify the Court of the last known address of any Defendant no longer employed at MDOC. *Id.* at 1-2.

On January 19, 2016, Defendants Jacqueline Banks, Ron King, Hubert Davis, and Timothy Morris filed a Suggestion of Death [15], pursuant to Federal Rule of Civil Procedure 25(a), notifying the Court that Defendant Seabrook passed away on or about December 14, 2015. Suggestion of Death [15] at 1.

On December 9, 2016, the Magistrate Judge sua sponte recommended that Plaintiff's claims against Seabrook be dismissed because "more than ninety (90) days have passed, and Plaintiff has not moved to substitute another party for Theresa Seabrook" as required by Rule 25(a)(1), citing to *Sampson v. ASC Indus.*, 780 F.3d 679, 681 (5th Cir. 2015). R. & R. [30] at 1-2.

On December 28, 2016, Plaintiff filed an Objection [35] to the Report and Recommendation asserting in pertinent part that he objected to "Seabrook being dismissed due to the defendant being apart (sic) of the M.d.o.c. (sic) at the time the the (sic) Plaintiff filed his Complaint." Obj. [35] at 3.

## II. DISCUSSION

Because Plaintiff has objected to the Magistrate Judge's Report and Recommendation, this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Guste,* 921 F.2d 620, 623 (5th Cir. 1991) (noting parties are "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made"). A court is not required, however, to make new findings of fact independent of those made by a magistrate. *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000). Nor is a court required to reiterate the findings and conclusions of a magistrate judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). Also, a court need not consider objections which are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

In the present matter, Plaintiff objected to the recommendation that Defendant Seabrook be dismissed on grounds that Defendant Seabrook had been an employee of MDOC at the time he "filed his Complaint." Plaintiff did not deny that Seabrook had passed away, that he had received the Suggestion of Death [15] filed January 19, 2016, or that more than 90 days had elapsed without Plaintiff filing a motion to substitute another party for Seabrook. *See* Objection [35] at 1-3.

As set forth in the Report and Recommendation, Federal Rule of Civil Procedure 25(a) governs the substitution of parties in case of death. Rule 25(a) provides that

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). "Plaintiff was served with the Suggestion of Death in accordance with Federal Rule of Civil Procedure 5. *See Sampson v. ASC Indus.*, 780 F.3d 679, 681 (5th Cir. 2015)." R. & R. [30] at 1.

The Court finds that because more than 90 days have passed since the Suggestion of Death was filed, Plaintiff's claims against Defendant Theresa Seabrook should be dismissed pursuant to Rule 25(a)(1) and Seabrook should be dismissed from this matter. *See Sampson*, 780 F.3d at 681. Plaintiff's claims against the remaining Defendants in this matter will go forward pursuant to Rule 25(a)(2).

This Court further finds that because Plaintiff did not substitute another party for Seabrook, Plaintiff appears to have effectively abandoned his claims against her. The Court has the authority to sua sponte dismiss a claim as long as the litigant has an opportunity to be heard before the claim is dismissed, "except where the claim is patently frivolous." *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015). Plaintiff was afforded an opportunity to object to the Magistrate Judge's recommendation of dismissal and did in fact file an Objection.

After a thorough review and consideration of the Magistrate Judge's Report and Recommendation [30], Plaintiff's Objection [35], and the record as a whole, the Court finds that Plaintiff's Objection [35] is not well taken or supported by the

record and should be overruled. The Court concludes that the Magistrate Judge's Report and Recommendation [30] should be adopted as the opinion of this Court.

### III.  CONCLUSION

After a de novo review and consideration of the Magistrate Judge's Report and Recommendation, Plaintiff's Objection, the record as a whole, and relevant legal authority, the Court concludes that Plaintiff's Objection [35] should be overruled, and that the Magistrate Judge's Report and Recommendation [30] should be adopted as the opinion of the Court. Plaintiff's claims against Defendant Theresa Seabrook should be dismissed. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff's Objection [35] to United States Magistrate Judge John C. Gargiulo's Report and Recommendation [30] is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that United States Magistrate Judge John C. Gargiulo's Report and Recommendation [30] entered on December 9, 2016, is **ADOPTED AS THE FINDING OF THIS COURT**, and that Plaintiff's claims against Defendant Theresa Seabrook are **DISMISSED**.

**SO ORDERED AND ADJUDGED**, this the 6th day of February, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE